IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FIREWHEEL SURGICAL SALES, LLC** <br> **and LEWIE THOMPSON**, <br><br> Plaintiffs, <br><br> v. <br><br> **EXACT SURGICAL, INC., and** <br> **EXACTECH, INC.**, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No. **3:12-CV-1971-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand, filed July 23, 2012. After careful consideration of the motion, Plaintiffs' brief, response and brief of Defendant Exactech, Inc., record, hearing, supplemental briefing, and applicable law, the court **grants** Plaintiffs' Motion to Remand.

**I.    Background**

Firewheel Surgical Sales, LLC ("Firewheel") and Lewie Thompson ("Thompson") (collectively, "Plaintiffs") filed this action on January 28, 2010, against Exact Surgical, Inc. ("ESI") and Exact Surgical Texas, Inc. ("ESI TX") (collectively, the "ESI Defendants") in the 298th Judicial District Court, Dallas County, Texas. Plaintiffs asserted claims for earned commissions, declaratory relief, and injunctive relief against the ESI Defendants. According to the record, Firewheel is a single-member liability corporation of which Thompson is the managing member. Thompson is a citizen of Texas. ESI TX is a Texas corporation, and ESI is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

On June 15, 2012, Firewheel and Thompson filed Plaintiffs' Third Amended Petition ("Petition"). The Petition omitted or dropped ESI TX as a defendant and added Exactech, Inc. ("Exactech") as a defendant. Exactech is a Florida corporation with its principal place of business in Gainesville, Florida. Exactech removed this action from state court to this court on June 21, 2012, on the grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

Plaintiffs' claims against Exactech are for negligent misrepresentation and fraud. The allegations in the Petition specific to Exactech are as follows:

### SUIT AGAINST EXACTECH

(33)   All prior and subsequent paragraphs are incorporated herein at this point by reference.

(34)   On or about September 29, 2009, following ESI's termination of the Oral Agreement, Thompson called Exactech to determine proper procedures so that he could return certain Exactech products that had been consigned and stored at Dallas Regional Medical Center ("Exactech Tissue"). An Exactech customer service representative emailed to Plaintiffs a form to be completed by the hospital for the removal [of] the Exactech Tissue from the facility. Plaintiffs removed the Exactech Tissue according to Exactech's stated procedures.

(35)   On October 26, 2010, ESI subsequently filed counterclaims against Plaintiffs. ESI alleged that Plaintiffs inappropriately removed the Exactech Tissue and failed to follow proper protocols regarding the storage and return of such product, causing the Exactech Tissue to be unusable and resulting in damages to ESI. In ESI's May 25, 2012 Sixth Supplemental Responses to Requests for Disclosures, ESI enumerated among its damages a $6,467.50 charge for the Exactech Tissue and further $2,597.60 in lost commissions thereon.

(36)   On May 21, 2012, ESI proceeded with the purported deposition of Donna Edwards, General Counsel for Exactech, despite Plaintiffs' absence and the fact the deposition was improperly noticed. At that time, Ms. Edwards stated that Thompson had not been authorized by Exactech to remove the Exactech Tissue.

(37)   Representations made by Exactech in September 2009 to Plaintiffs related to the Exactech Tissue were false and not made with reasonable care or competence in

>obtaining or communicating the information. Such representations were made recklessly, as a positive assertion, without knowledge of their truth, and with the intent that Plaintiffs act upon them. Exactech's representations were material to Plaintiffs' subsequent handling of the Exactech Tissue. Plaintiffs' reliance upon Exactech's guidance with respect to its own products was justified. Exactech's representations caused Plaintiffs' exposure to any liability, which Plaintiffs deny, with respect to the removal of the Exactech Tissue. Additionally, Exactech's representations caused Plaintiffs to incur attorneys' fees and costs in defending the resulting claims by ESI. Accordingly, Plaintiffs file this suit against Exactech for negligent misrepresentation and fraud to recover Plaintiffs' actual and exemplary damages.

Pls.' Third Am. Pet. 10-11, ¶¶ 33-37.

Plaintiffs contend that this action should be remanded because: (1) Exactech has not established that the amount in controversy, exclusive of interests and costs, exceeds $75,000; (2) the notice of removal was filed more than one year after the action was originally filed in state court on January 28, 2010; and (3) ESI waived its right to remove by continuing to defend and prosecute the action after ESI TX was nonsuited on February 11, 2011. Exactech counters that the action should not be remanded because: (1) it has shown that the amount in controversy exceeds $75,000; and (2) Plaintiffs have engaged in forum manipulation, and recent amendments to 28 U.S.C. § 1446 warrant an exception to the one-year limitation and support removal of the action.

## II.     Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent

jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

As previously stated, Exactech removed this action because it contends that diversity of citizenship and the amount-in-controversy requirement have been established. As diversity of citizenship is not in dispute, the court focuses only on the amount-in-controversy requirement.

For diversity jurisdiction, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. 1446 (c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The

preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III.  Discussion

### A.  Amount in Controversy

Exactech contends that the amount-in-controversy requirement has been met because Plaintiffs seek attorney's fees and exemplary damages, and because Plaintiffs have refused to stipulate that the amount in controversy is $75,000 or less.

As exemplary damages are part of the amount that Plaintiffs seek against Exactech, they, of course, can be considered in determining whether the amount-in-controversy requirement has been met. Likewise, "[a]ttorneys' fees are included when determining the minimal jurisdictional amount for the invocation of federal jurisdiction. *In re Norplant Contraceptive Products Liability Litigation*, 918 F. Supp. 178, 180 (E.D. Tex.) (citing *In re Abbott Laboratories*, 51 F.3d 524 (5th Cir. 1995)).

The court determines that Exactech fails to carry its burden and establish that the amount in controversy regarding the two claims Plaintiffs asserted against it exceeds $75,000.[1] The damages in this case are simply too speculative or uncertain for the court to conclude that the amount in controversy more likely than not exceeds $75,000.

In support of its position that the amount-in-controversy requirement has been met, the gravamen of Exactech's argument is as follows:

> [T]he Plaintiffs seek damages to collect alleged unearned commissions. The Plaintiffs seek treble damages pursuant to *Tex. Bus. Comm. Code § 54.004,* plus reasonable and necessary attorneys' fees, plus exemplary damages. The Plaintiffs' suit against Exactech includes causes of action for both fraud and negligent misrepresentation. The Plaintiffs allege that Exactech is liable to the Plaintiffs for the attorney's fees and costs that the Plaintiffs have incurred in defending the claims

---

[1] The parties agreed at the telephonic hearing held on November 29, 2012, that Exactech was required to show that the claims Plaintiffs asserted against it exceeded the $75,000 jurisdictional threshold independent of Plaintiffs' claims against ESI. The court notes that this agreement correctly reflects the law.

>>asserted against them by Co-Defendant Exact Surgical, Inc. All of the foregoing establishes that the amount in controversy exceeds the sum of $75,000.00.

Def. Exactech Inc.'s Not. of Removal 2, ¶ 4.

First, there is absolutely no evidence of the specific amount that Plaintiffs seek from Exactech. The actual damages in this action in question are slightly below $10,000, and, Plaintiffs also seek exemplary damages, which of course increases the amount in controversy. The record, however, offers the court no clue as to the amount of exemplary damages.

Second, Exactech's argument that Plaintiffs are seeking treble damages pursuant to Section 54.004 of the Texas Business Commercial Code is quite beside the point, as Plaintiffs are seeking these damages against ESI, not Exactech. Since the parties acknowledge that Exactech must meet the jurisdiction amount as to Plaintiffs' claims separate and apart from those asserted against ESI, this argument does nothing to assist Exactech in meeting its burden as to the amount in controversy.

Further, Plaintiffs seek attorney's fees that they have incurred in defending the claims brought against them by ESI. As stated by Plaintiffs counsel at the hearing, "[W]e are wanting Exactech to come and run the defense for us because we followed Exactech's instruction on how to dispose of that tissue. That is the basis for the negligent misrepresentation and fraud claims." Hr'g Tr. 31. As the amount of attorney's fees is unknown or cannot be reasonably estimated, Exactech cannot rely on this argument.

Exactech emphasizes the amount of attorney's fees that have been incurred in this action in an attempt to convince the court that the amount in controversy exceeds $75,000. It points out to the court that as of March 26, 2012, Plaintiffs produced evidence that they had incurred $135,708 in attorney's fees. Exactech, however, was not made a party to this lawsuit until June 15, 2012, some seventy-five days or so after the March 26th date. As Exactech was not even a party in March

**Memorandum Opinion and Order - Page 7**

2012, the court is at a loss as to how Exactech can use this figure as a basis for determining the amount of attorney's fees Plaintiffs are seeking against it. Moreover, counsel for Exactech acknowledged at the hearing that he was unable to tell the court the amount of attorney's fees that were incurred because of or attributable to his client. The court fully realizes that some attorney's fees have been incurred since Exactech became a party; however, the dearth of information regarding the amount of fees that Plaintiffs seek to recover makes it impossible for the court to determine the actual amount or a reasonable estimate of the amount of fees.

A court is to take a common-sense approach in determining whether the amount in controversy is more likely than not to exceed the jurisdictional amount. *Allen*, 63 F.3d at 1336. When the court considers all of the categories of damages, the total amount of damages could well exceed $75,000; however, "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard," and it cannot be used to determine whether the amount-in-controversy requirement has been met. *Id.* Because of the uncertainties and nonspecific information in the record, the court, applying common sense, cannot find or reasonably infer that Plaintiffs' damages against Exactech more likely than not will exceed $75,000, and the court therefore lacks jurisdiction to entertain this action.

As a final point, the court addresses Exactech's argument that Plaintiffs' refusal or unwillingness to stipulate that he is not seeking more than $75,000 establishes that the amount in controversy actually exceeds the jurisdictional threshold. Plaintiffs cite several district court cases that arguably support his position; however, the court disagrees with the holdings or dicta in those cases, and does not believe that they represent the more logical view.

As the court earlier pointed out, the burden of establishing jurisdiction rests with the party seeking to invoke it. In this case, Exactech seeks to have this action heard in federal court; thus, it has the burden of proof. As such, Plaintiffs are not required to produce any evidence. Stated another way, it is not incumbent upon Plaintiffs to convince the court that subject matter jurisdiction exists. Requiring Plaintiffs to come forward with evidence impermissibly shifts the burden of proof from the defendant to the plaintiff. *Casey v. Essex Ins. Co.*, Civil Action No. 07-9049, 2008 WL 1995049, at *2 (E.D. La. May 6, 2008) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Welp v. Hanover Ins. Co.*, Civil Action No. 07-8859, 2008 WL 235348, at *3 (E.D. La. Jan. 28, 2008) (holding that "failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand.").

Even if the court has subject matter jurisdiction over this action, it must be remanded because of a procedural defect in that the action was not timely removed under the applicable statute. The court now addresses the issues of untimely removal and forum manipulation.

### B. Untimely Removal and Forum Manipulation

Exactech acknowledges that this action is controlled by the "old" 28 U.S.C. § 1446(b). Resp. of Def. Exactech to Pls.' Mot. to Remand 7. The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

**Memorandum Opinion and Order - Page 9**

> which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). While Exactech agrees that this case is governed by this version of 28 U.S.C. § 1446(b), it nevertheless contends that **"the purpose behind the 2011 Amendments should apply to this case."** Resp. of Def. Exactech to Pls.' Mot. to Remand 8 n.2 (emphasis in original). The court disagrees. As the state court action was filed in January 2010, and the 2011 Amendments did not become effective until January 6, 2012, it would be wrong for the court to consider the purpose behind legislation that had not taken effect. The court therefore relies on the law as set forth in *Tedford v. Warner-Lambert Company*, 327 F.3d 423 (5th Cir. 2003), and other precedent, rather than the 2011 Amendments, to resolve the issues presented by the remand motion.

In *Tedford*, the court held that a district court may grant an exception to the one-year limitation on removal set out in § 1446(b) if it finds that a plaintiff has engaged in forum manipulation to prevent a defendant from exercising its right to remove. *Id.* at 428-29. Exactech encourages the court to apply *Tedford* to the facts of this case and deny the motion to remand. As it finds *Tedford* relevant and dispositive, the court discusses *Tedford* in detail.

Tedford, who lived in Eastland County, Texas, and Maria Castro, who lived in Johnson County, Texas, sued Warner-Lambert and others in state court in Johnson County. Dr. Stan Johnson had treated Castro but had not treated Tedford, although the state petition implied that he had treated both women in Johnson County. Dr. Johnson was the sole nondiverse defendant, and neither of the women stated a cognizable claim against him under Texas law. The state court, pursuant to a motion filed by Warner-Lambert, severed Tedford's claims from the suit filed in Johnson County and transferred the lawsuit to Eastland County. *Tedford*, 327 F.3d at 424-25.

**Memorandum Opinion and Order - Page 10**

Before the state court order was entered, Warner-Lambert informed Tedford that it intended to remove the action to federal court on the basis of diversity of citizenship because Dr. Johnson, the nondiverse defendant, had been improperly joined. Three hours after being notified of Warner-Lambert's intent, Tedford amended her state court petition to add Dr. Robert DeLuca, her physician, and a resident of Johnson County, as a defendant. Warner-Lambert removed the action to federal court, contending that Drs. Johnson and DeLuca were fraudulently joined to defeat federal jurisdiction. The federal district court remanded the action to state court. *Id.* at 425.

After remand, the parties agreed to try the lawsuit in Eastland County and agreed to a special trial setting. Subsequently, Tedford signed and postdated a notice of nonsuit of Dr. DeLuca before the one-year anniversary of the date she initially filed suit in state court. Tedford, however, did not notify Warner-Lambert or file the notice with the state court until *after* the one-year anniversary had passed. *Id.*

Shortly after discovering that Dr. DeLuca had been nonsuited and days after the one-year limitation on removal had expired, Warner-Lambert *again* removed the state action to federal court. Tedford moved to remand because the removal was based on diversity of citizenship and more than one-year had elapsed since the initial filing of the action in state court. Warner-Lambert contended that Tedford had engaged in a pattern of forum manipulation by joining Dr. DeLuca at the "eleventh-hour" and then nonsuiting him shortly thereafter. The district court agreed with Warner-Lambert, denied Tedford's remand motion, and certified the question for an interlocutory appeal. *Id.*

Based upon these facts, the Fifth Circuit determined that "[e]quity demand[ed] that Tedford be estopped from seeking to remand the case on the basis of the one-year limit in § 1446(b)." *Id.* at 428. In explaining its decision, the court stated:

**Memorandum Opinion and Order - Page 11**

> "[T]he defendants have vigilantly sought to try this case in federal court. Each time it became apparent that the right to remove existed, Warner-Lambert sought to exercise that right. In fact, the first time Warner-Lambert sought to remove the case it notified Tedford as a professional courtesy. Tedford, knowing that the motion would be successful if Johnson remained the sole nondiverse defendant, quickly acted to thwart Warner-Lambert's efforts.

*Id*. (footnote omitted). The court ultimately held that when "a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id*. at 428-29. It concluded that the conduct of Tedford fell into this category and justified an exception to and an extension of the one-year limitation. *Id*. at 429.

The court believes that the application of Tedford should be limited to facts that existed in *Tedford*, or to those that are closely similar. In light of Exactech's repeated assertions that Plaintiffs had waited until after the one-year limitation for removal of diversity cases, at the hearing on November 29, 2012, the court summarized the facts on which the Fifth Circuit relied on reaching its decision in *Tedford* and then questioned Exactech's counsel. Upon questioning by the court, Exactech's counsel agreed that the facts in Tedford were "much more egregious" than those in this case, and stated, that "[He] [is] not saying that [he] [has] the *Tedford* facts." Hr'g Tr. 62.

The most emphatic arguments that Exactech makes regarding gamesmanship and forum manipulation are that Plaintiffs, as of October 26, 2010, knew that there was a dispute over the tissue sample and that Plaintiffs counsel made the following statement at the deposition of Jon Kevin Blue on October 31, 2011: "Well, obviously, Exactech needs to be a defendant." Supp. Brief of Def. Exactech to Pls.' Mot. to Remand 5, 6. With respect to the first argument, the court notes that the delay in suing Exactech could have been gamesmanship, but the court declines to make a determination based on possibility and speculation, as the record is not fully developed on this issue.

That there was a substantial delay in making Exactech a party is not tantamount to forum manipulation. Regarding the statement made at the deposition by Plaintiffs' counsel, the court cannot determine the context in which it was made, and the court emphasized this point at the hearing on November 29, 2012. Depositions can be tense and exchanges hostile. In reviewing the deposition excerpts, the court is left with the clear impression that the exchange between counsel and the witness was testy. Posturing and saber rattling are not uncommon at depositions. Moreoveer, the deposition took place on October 30, 2011, one year and nine months *after* this action was originally filed in state court. As the one-year anniversary of the filing of the state action had passed at the time of the deposition, the statement of Plaintiffs' counsel at the deposition is of no moment.

While the manner in which this action proceeded may have not been ideal, or as Exactech preferred, the alleged shortcomings do not rise to the level of forum manipulation. Exactech concedes the facts in this case do not parallel those of *Tedford*,[2] and the court declines to find that an exception should be made to the one-year limitation on removal as set forth in 28 U.S.C. § 1446(b).

### C. Waiver and Other Motions

Plaintiffs contend that ESI waived its right to remove because it sought an adjudication on the merits in state court. A defendant can waive the right to remove to federal court if it "proceed[s] to defend the action in state court or otherwise invoke[s] the processes of that court." *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986). "The waiver must be clear and indicate a specific,

---

[2] Irrespective of this concession by Exactech, the court would have reached the same result because it is unequivocally clear that the facts of this case do not approximate those of *Tedford*.

positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.,* 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) (citation omitted); *see also Tedford*, 327 F. 3d at 428 ("A waiver of the right to remove must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits.") (footnote omitted); *Johnson v. Heublein Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) (stating that a defendant waived the right to remove by filing motions to dismiss and a motion for summary judgment). In light of the court's rulings regarding the amount in controversy, timeliness of removal, and forum manipulation, the waiver issue is moot, and the court declines to address it.

Several other motions have been filed by the parties. In light of the court's rulings herein, the court finds it unnecessary to rule on or discuss such pending motions and declines to do so.

## IV.     Plaintiffs' Request for Attorney's Fees and Costs

Plaintiffs seek attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal,

"irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The court determines that Exactech had an objectively reasonable basis for removing this action. It relied on *Tedford*, and *Tedford* allows a court to extend the one-year limitation on removals in diversity cases if it determines that forum manipulation has taken place to deny a defendant the right to remove. Although this court ultimately held that the facts of this case did not warrant application of the *Tedford* exception, such holding is not an indication that Exactech lacked an objectively reasonable basis to believe that removal was proper.

Likewise, that Exactech failed to meet its burden that the amount in controversy exceeded $75,000 is not an indication that Exactech lacked a reasonably objective basis to remove. Of particular note is Exactech's argument that the refusal to stipulate that the damages do not exceed the jurisdictional minimum is proof the amount in controversy exceeds $75,000. Several cases support this principle of law. *Easley v. Lowe's Home Ctrs., Inc.*, No. 1:06-CV-291-D-D, 2007 WL 2127281, at *2 (N.D. Miss. July 23, 2007) (collecting cases); *Ray v. State Farm Lloyds*, Civil Action No. CA 3:98-CV-1288-G, 1999 WL 151667, at *3 (N.D. Tex. Mar. 10, 1999). The court, as previously stated, does not agree with the reasoning of such authority because it shifts the burden from the defendant to the plaintiff. The authority, however, does provide an objective basis for Exactech to believe that the jurisdictional amount had been satisfied, even though the court believes that the better view is that expressed in this opinion and by other courts. Therefore, the court will deny Plaintiffs' request for attorney's fees and costs.

## V.     Conclusion

For the reasons herein stated, the court lacks subject matter jurisdiction over this action. Alternatively, this action was not timely removed pursuant to 28 U.S.C. § 1446(b). Accordingly, the court **grants** Plaintiffs' Motion to Remand, and, pursuant to 28 U.S.C. § 1446(a), **remands** this action to the 298th Judicial District Court, Dallas County, Texas. The clerk of the court **shall** effect this remand in accordance with the usual procedure.

**It is so ordered** this 11th day of January, 2013.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge